UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
SHAWNA GOURGUE AND VICTOR GOURGUE,

    Plaintiffs,

  - against -

RED LOBSTER RESTAURANT,

    Defendants.

--------------------------------X

MEMORANDUM AND ORDER

Civil Action No.
CV 07-3072(DGT)

TRAGER, District Judge:

    On September 5, 2006, plaintiffs, Shawna and Victor Gourgue, filed a complaint in New York Supreme Court against defendant, Red Lobster Restaurant, alleging negligence in connection with a slip and fall. Defendant removed the action to this court, and plaintiffs have moved to have it remanded back to state court arguing that defendant's removal was untimely. Plaintiffs' motion to remand presents the question of when defendant should have known that the case was removable. For the reasons set forth below, plaintiffs' motion to remand is denied.

**Background**

    Plaintiffs allege that on July 15, 2006, Ms. Gourgue slipped and fell at a Red Lobster Restaurant because of Red Lobster's negligence. Compl. at ¶¶ 4-5. Her fall caused physical and mental injuries and prevented her from working for one week. Pls.' Verified Bill of Particulars ("Pls.' Bill") at 10, 16. Mr.

Gourgue claims loss of consortium based on his wife's fall.  <u>Id.</u> at 24.

On August 18, 2006, prior to filing the complaint, plaintiffs' counsel sent a letter to Liberty Mutual, defendant's liability insurer, requesting information on defendant's coverage.  The letter was received by a Liberty Mutual claims adjuster.

On September 5, 2006, the plaintiffs commenced their action in the Supreme Court of the State of New York.  As required by New York law, plaintiffs' complaint does not specify the amount of damages they are seeking.  <u>See</u> N.Y. C.P.L.R. § 3017(c). On November 1, 2006, plaintiffs served their complaint on the manager of the Red Lobster restaurant where the incident occurred. Pls.' Br. Ex. 1.

On December 1, 2006, plaintiffs' counsel sent a letter to Liberty Mutual requesting that the insurance company remit insurance payment of $2,675 to Mrs. Gourgue's dentist for treatment required after her accident.  Pls.' Reply Ex. 2.

On January 8, 2007, plaintiffs' counsel sent another letter to Liberty Mutual along with the summons, complaint, and affidavit of service upon the Red Lobster manager. This letter stated that the defendant had not answered the complaint and requested that Liberty Mutual assign counsel to answer on behalf of the defendant.  The letter also stated that if an answer was

not immediately received plaintiffs would move for a default judgment of $1,000,000. The letter was received by certified mail and signed for at Liberty Mutual on January 12, 2007. Pls.' Br. Ex. 2. Plaintiffs claim that this letter, even though it was sent to Liberty Mutual, should have provided defendant with sufficient information to ascertain that the case was removable to federal court. Plaintiffs have not claimed that defendant received this letter, nor that Liberty Mutual was defendant's agent for the purpose of receiving service.

Defendant alleges that on January 18, 2007, it served plaintiffs with a request for a supplemental demand to provide the specific damages amount they were seeking, and that plaintiffs did not respond. Def.'s Affirmation in Opp'n ("Def.s' Opp'n") at ¶ 5.

On February 14, 2007, defendant filed an answer denying plaintiffs' allegations, along with a demand for a bill of particulars asking plaintiffs to provide more information regarding their injuries, including the specific amounts sought in medical, loss of earnings, and other damages. Def.'s Answer and Demand for Bill of Verified Particulars.

On July 17, 2007, the plaintiffs filed their Verified Bill of Particulars, asking for $10,000 in medical expenses, an unspecified amount in lost wages, and making a supplemental demand of $1,000,000. Pls.' Bill at ¶¶ 22-25. Defendant claims

3

that prior to receiving the bill of particulars it could not have ascertained that the case was removable to federal court.

On July 23, 2007 - six days after receiving the bill of particulars, but more than six months after the plaintiffs notified Liberty Mutual that they might seek around $1,000,000 - defendant filed a notice of removal based on 28 U.S.C. § 1332, which gives federal courts jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000. Def.'s Notice of Removal ¶¶ 1-3.  On August 20, 2007, plaintiffs moved to remand the case back to state court, claiming that defendant's notice of removal was untimely.  The timeliness of the removal hinges on when the thirty-day removal clock started to run.  Plaintiffs argue that the clock started to run on January 12, 2007, when Liberty Mutual received plaintiffs' letter stating that they might seek $1,000,000; while defendant claims that it did not start to run until July 17, 2007, when it received plaintiffs' verified bill of particulars.

**Discussion**

28 U.S.C. § 1141(a) governs the removal of a state action to federal court.  It provides, "[C]ivil actions brought in State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants, to the district court of the United States for the

4

district and division embracing the place where such action is pending." In this case, the basis for federal jurisdiction is found in 28 U.S.C. § 1332, which provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) Citizens of different States." Plaintiffs do not dispute the existence of federal subject matter jurisdiction based on diversity.

When a case is removable to federal court, 28 U.S.C. § 1446(b) provides that a defendant must file a notice of removal within thirty days. In a case like this – where, because the jurisdictional amount was not included in the complaint, removability was not ascertainable from the initial pleading – the thirty-day time limitation begins to run from the receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); see also Whitaker v. Am. Telecasting Inc., 261 F.3d 196, 204 (2d Cir. 2001) (noting that under Section 1446(b), "Congress forbade the removal period from commencing until the defendant received information from which removability could be ascertained") (citing Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 352 (1999)). Accordingly, if plaintiffs are correct that the January 8, 2007 letter to Liberty Mutual adequately notified defendant that the

case was removable, then defendant's July 23, 2007 notice of removal was untimely.  If, however, defendant is correct that it could not have reasonably ascertained removability until it received the bill of particulars, then its notice of removal was timely.

Essentially, Section 1446(b) requires that for the thirty-day removal clock to start to run, defendant must (1) receive (2) sufficient information to ascertain removability.  See Soto v. Apple Towing, 111 F. Supp. 2d 222, 226 (E.D.N.Y. 2000) ("'[A]scertained' as used in section 1446(b) means a statement that should not be ambiguous or one which requires an extensive investigation to determine the truth.") (quoting Akin v. Ashland Chemical Company, 156 F.3d 1030, 1035 (10th Cir. 1998)).  In this case, to know whether the case was removable, defendant needed to know whether the amount in controversy would support diversity jurisdiction.  Therefore, the thirty-day removal clock started to run at the point defendant could have ascertained that the amount in controversy exceeded $75,000.

The January 8, 2007 letter, which plaintiffs claim should have started the clock, was sent to a Liberty Mutual claims adjuster and stated that plaintiffs might seek $1,000,000 from defendant.  Because defendant concedes that the letter contained sufficient information to ascertain removability, the only remaining issue is whether defendant may be charged with notice

6

of the letter even without having received it.  Plaintiffs' argument is that defendant should have known about the letter because defendant's counsel also serves as "in-house law firm" for Liberty Mutual.  Plaintiffs do not claim that the letter was sent to a Liberty Mutual lawyer involved with the representation of defendant or to anyone at Liberty Mutual other than the claims adjuster.  Nevertheless, plaintiffs argue that defendant's counsel, through their relationship with Liberty Mutual, should have been aware of the letter sent to the claims adjuster, and therefore, should have been on notice that the case was removable when the letter was received.  For this argument to make any sense, it must be that defendant had a duty to investigate whether the case was removable and should have discovered what the letter said.  Courts in this district, however, have not imposed on defendants invoking the removal statute a duty to investigate.  <u>See</u> <u>Soto</u>, 111 F. Supp. 2d at 226 (E.D.N.Y. 2000) (holding that before Section 1446(b)'s thirty-day time limit can start to run, defendant needs to receive an unambiguous statement from plaintiffs setting forth the bases for removability, and refusing to impose a "duty to investigate" whether a case is removable).  Nor have plaintiffs cited a single case finding that a similar communication to a defendant's insurer's claims adjuster constituted notice to a defendant of a jurisdictional basis for removal.  If the letter had in fact reached the hands

of a Liberty Mutual lawyer actually representing the defendant, the situation would be different, but here, defendant cannot be charged with notice of the January 8, 2007 letter simply by virtue of defense counsel's relationship with Liberty Mutual.

## Conclusion

In sum, because the January 8, 2007 letter was not sent to defendant, defendant could not have ascertained that the amount in controversy was sufficient to support federal jurisdiction until it received plaintiffs bill of particulars on July 17, 2007. Accordingly, the July 23, 2007 removal was timely and plaintiffs' motion to remand is denied.

Dated: Brooklyn, New York
       March 26, 2008

                                    SO ORDERED:


                                    _____/s/_____
                                    David G. Trager
                                    United States District Judge